# EXHIBIT C

# EXHIBIT C

# Business Entity Summary

- **Summary**
- [Address](#)
- [Agent](#)
- [Filings](#)
- [Names](#)
- [Officers](#)
- [Stock](#)
- [Search Again](#)

[Print Certificate of Existence](#)

Searched: **Guideone**

| Business No. | Legal Name | Status |
|---|---|---|
| 69629 | GUIDEONE MUTUAL INSURANCE COMPANY | Active |

| Type | State of Inc. | Modified |
|---|---|---|
| Legal | IA | No |

| Expiration Date | Effective Date | Filing Date |
|---|---|---|
| PERPETUAL | 12/30/1946 | 12/30/1946 |

| Chapter |
|---|
| CODE 491 INSURANCE COMPANIES |

# Names (Viewing 3 of 4)

| Type | Status | Modified | Name |
|---|---|---|---|
| Legal | Active | No | GUIDEONE MUTUAL INSURANCE COMPANY |
| Fictitious name | Active | No | THE GUIDEONE CENTER FOR RISK MANAGEMENT |
| Legal | Inactive | No | GUIDANT MUTUAL INSURANCE COMPANY |

# Registered Agent or Reserving Party

| Full Name |
|---|
| C T CORPORATION SYSTEM |

| Address | Address 2 |
|---|---|
| 400 E COURT AVE | |

| City, State, Zip |
|---|
| DES MOINES, IA, 50309 |

# Home Office

| Full Name |
|---|

| Address | Address 2 |
|---|---|
| 1111 ASHWORTH RD | |

**City, State, Zip**
WEST DES MOINES, IA, 50265

↑ Back to Top

# IOWA SECRETARY OF STATE
# PAUL D. PATE



## CERTIFICATE OF EXISTENCE

Date: 1/10/2019

Name: GUIDEONE MUTUAL INSURANCE COMPANY (4910DI - 69629)
Date of Incorporation: 12/30/1946
Duration: PERPETUAL

   I, Paul D. Pate, Secretary of State of the State of Iowa, custodian of the records of incorporations, certify the following for the corporation named on this certificate:

  a. The entity is in existence and duly incorporated under the laws of Iowa.

  b. All fees required under the Iowa Corporations for Pecuniary Profit Act due the Secretary of State have been paid.

  c. Articles of dissolution have not been filed.

Certificate ID: **CS162883**

To validate certificates visit:
**sos.iowa.gov/ValidateCertificate**

Paul D. Pate, Iowa Secretary of State

616261

# AMENDED AND RESTATED ARTICLES OF INCORPORATION
# OF
# GUIDEONE MUTUAL INSURANCE COMPANY

The undersigned persons, in compliance with the provisions of Chapters 515 and 491 of the Code of Iowa, do hereby amend and restate the following Articles of Incorporation of GuideOne Mutual Insurance Company.

### ARTICLE I
### NAME

The name of the corporation shall be GuideOne Mutual Insurance Company.

### ARTICLE II
### CORPORATE EXISTENCE

The corporation shall have perpetual existence but it may be dissolved at any time for good cause upon the affirmative vote of two-thirds (2/3) of the members present in person or represented by legal proxy, and voting thereon, at any regular or special meeting of the membership duly called and held; provided no action to dissolve the corporation shall be sufficient unless written notice that such action to be considered has been given to all members by the president and secretary of the corporation at least twenty (20) days prior to the meeting.

### ARTICLE III
### DISSOLUTION

That in the event of dissolution of the corporation, the net assets of the corporation, after payment of all liabilities, shall be distributed to the policyholders who were members on the date of the meeting at which the Resolution of Dissolution was adopted. Such distribution shall be made based on the proportion that the amount of earned premium paid by each policyholder bears to the aggregate of all earned premium in the twelve months immediately preceding the dare of the meeting at which the Resolution of Dissolution was adopted.

### ARTICLE IV
### REGISTERED OFFICE

The address of the office and principal place of business of the corporation shall be:
1111 Ashworth Road
West Des Moines, Iowa 50265.

It may conduct its business anywhere in the United States, its territories and possessions or in any foreign country.



## ARTICLE V
## PURPOSE AND POWERS

Section 1. The purpose of the corporation shall be:

A. To act as an insurance company authorized to insure those risks and type of policies set forth In Chapter 515, Code of Iowa (2015).

B. To reinsure with, and accept reinsurance from, other insurers.

C. To conduct all other lawful business incidental to any or all of the foregoing.

Section 2. In addition to the foregoing powers set forth in this Article, the corporation shall be empowered:

A. To cause itself to be insured in companies against any loss or risk or any part thereof it may have incurred in the course of its business.

B. To have perpetual succession by its corporate name.

C. To sue and be sued, complain and defend in its corporate name.

D. To have a corporate seal which may be altered at its pleasure and to use the same by causing it or a facsimile thereof to be impressed or affixed or in any other manner reproduced.

E. Subject to the limitations of law to purchase, take, receive, lease or otherwise acquire, own, hold, improve, use and otherwise deal in and with real and personal property or any interest therein wherever situated.

F. To sell, convey, mortgage, pledge, lease, exchange, transfer and otherwise dispose of all or any part of its property and assets in compliance with Chapter 515, Code of Iowa (2015).

G. To purchase, take, receive, subscribe for or otherwise acquire, own, hold, vote, use, employ, sell, mortgage, lend, pledge or otherwise dispose and otherwise use and deal in and with shares or other interests in or obligations of other domestic or foreign corporations, associations, partnerships or individuals or direct or indirect obligations of the United States or of any other government, state, territory, governmental district or municipality or of any instrumentality thereof.

H. To make contracts and guarantees and incur liabilities, borrow money at such rates of interest as the corporation may determine, issue its notes, bonds or other obligations. Secure any of its obligations by mortgage or pledge of all or any of its property, franchises and income, and guarantee the obligations of other persons.

I. To lend money for its corporate purposes, invest and reinvest its funds and take and hold real and personal property as security for the payment of funds so loaned or invested in compliance with Chapter 515, Code of Iowa (2015).

J.  To conduct its business, carry on its operations, have offices and exercise the powers set forth herein within or without the State of Iowa.

K.  To elect or appoint officers and agents of the corporation and to define their duties and fix their compensation.

L.  To make and alter Bylaws, not inconsistent with these Articles of Incorporation or the laws of the State of Iowa, for the administration and regulation of its affairs.

M.  To make donations for the public welfare or for religious, charitable, scientific or educational purposes.

N.  To transact any lawful business which the Board of Directors shall find will be in aid of governmental authority.

O.  To indemnify officers, directors, employees as set forth in Article XIII hereof.

P.  To pay pensions and establish pension plans, pension trusts, profit-sharing plans, and other compensation, incentive, insurance and welfare plans for any or all of its directors, officers and employees.

Q.  To cease its corporate activities and Surrender its corporate franchise.

R.  To enter into general partnerships, limited partnerships, whether the corporation be a limited or general partner, joint ventures, syndicates, pools, associations and other arrangements for carrying on of any or all of the purposes for which the corporation is organized, jointly or in common with others.

S.  To have and exercise all powers necessary or convenient to affect any or all of the purposes and objects or further any of the powers herein set forth.

T.  To have and exercise all the powers conferred by the laws of the State of Iowa upon corporations formed under Chapter 491 of the Code of Iowa, and corporations formed for the purpose of insurance other than life upon the mutual plan under Chapter 515 of the Code of Iowa, and all powers necessary or convenient to affect any or all of its objects, purpose and powers.

U.  To consolidate or merge with any other corporation. Any such consolidation or merger shall be effective upon an affirmative vote of two-thirds (2/3) of the members present and voting.

## ARTICLE VI
## MEMBERSHIP

Section 1. Every individual, co-partnership, public or private corporation, board or association, trustee, administrator, executor or other legal entity to whom a policy of insurance has been issued or may hereafter be issued by the corporation, or who may be insured against loss or damage arising from any of the hazards or risks set forth in Article V hereof, shall be a member

of the corporation and be entitled to the privileges of such membership as defined in these Articles, By-laws and contract of insurance, so long only as said contract of insurance remains in force.

Section 2. The regular annual meeting of the members shall be held at the Home Office of the corporation in West Des Moines, Iowa, at ten o'clock a.m. on the fourth Thursday in January of each year. No notice of annual or adjourned meeting of the members shall be required to be given, except as otherwise provided by law, but such notice may be given if deemed advisable by the president.

## ARTICLE VII
## VOTING

Section 1. Each member shall be entitled to one vote at any regular or special meeting of the members upon all matter of business, including the election of directors, which vote may be exercised in person or by written proxy, filed with the secretary of the corporation at least twelve (12) days prior to the date of the meeting at which it is to be exercised. Proxies not filed with the secretary of the corporation within the time prescribed shall be void and the attorney or proxy named therein shall not be entitled to vote or otherwise represent the member at the meeting. Where a proxy names more than one attorney, a majority of those named shall be necessary to exercise such proxy.

Section 2. Special meetings of the members, other than those called pursuant to Section 515.27 of the Code of Iowa, for the purpose of electing directors, may be called by the president and shall be called by the president upon written request of three-fourths of the members of the Board of Directors or upon written request of a majority of the members. Such request must specify the purpose for which the meeting is to be called, and the business co be considered at the meeting shall be limited to that stated in such written notice. Not less than fifteen days' written notice of all such special meetings shall be given to each member at the last known address of such member.

Section 3. At all annual meetings or special meetings of the members, the members present at said meeting, either in person or represented by proxy, shall constitute a quorum for the election of directors and for the transaction of any business that may legally be acted upon at such meeting.

## ARTICLE VIII
## BOARD OF DIRECTORS

Section 1. Except as otherwise provided by law, all corporate powers shall be exercised by or under authority of, and the business and affairs of the corporation shall be managed by or under the direction of the Board of Directors.

- A. Each member of the board of directors, when discharging the duties of a director shall act in conformity with all of the following:

    1. In good faith.

    2. In a manner the director reasonably believes to be in the best interests of the corporation.

B. The members of the board of directors or a committee of the board, when becoming informed in connection with their decision-making function or devoting attention to their oversight function, shall discharge their duties with the care that a person in a like position would reasonably believe appropriate under similar circumstances.

C. In discharging board or committee duties, a director who does not have knowledge that makes reliance unwarranted is entitled to rely on the performance by any of the persons specified in Subsection E to whom the board may have delegated, formally or informally by course of conduct, the authority or duty to perform one or more of the board's functions that are delegable under applicable law.

D. In discharging board or committee duties a director, who does not have knowledge that makes reliance unwarranted, is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, if prepared or presented by any of the persons specified in Subsection E.

E. A director is entitled to rely, in accordance with Subsections C or D, on any of the following:

  1. One or more officers or employees of the corporation whom the director reasonably believes to be reliable and competent in the functions performed or the information opinions, reports, or statements provided.

  2. Legal counsel, public accountants, or other persons as to matters involving skills or expertise the director reasonably believes are either of the following:

     (a) Matters within the particular person's professional or expert competence.

     (b) Matters as to which the particular person merits confidence.

  3. A committee of the board of directors of which the director is not a member if the director reasonably believes the committee merits confidence.

Section 2. The number of directors which shall constitute the whole Board of Directors shall not be less than five (5) nor more than twenty-one (21), and within such limits shall be fixed by the Bylaws, and may be increased or decreased from time to time by amendment thereto, except no decrease shall have the effect of shortening the term of any incumbent director.

Section 3. As the term of office of each director expires, a successor shall be elected as provided in the Bylaws by the members of the corporation at the regular annual meeting of the members for a term not to exceed three years. The Board of Directors may, as provided in the Bylaws, be divided into not more than three classes with the members of one class being elected at each annual meeting.

Section 4. Upon the death or resignation, or expiration of term of office of any director, the Board of Directors may, by amendment to the Bylaws decreasing the size of the Board, vacate the office, in which case no successor shall be elected; but in no event shall the Board of Directors at any time consist of less than five (5) members.

Section 5. Any vacancy on the Board of Directors may be filled by a majority vote of the remaining directors for the balance of the unexpired term or declared vacant. A director elected to fill a vacancy shall be elected to serve until the next annual meeting of the members.

Section 6. Directors shall serve until the expiration of the term for which they are elected and until their successors are duly elected and qualified, or the office declared vacant as above provided.

Section 7. The majority of the number of directors fixed by the Bylaws shall constitute a quorum for the transaction of business, unless a greater number is required by the Bylaws, but, with exception to Article XII, Section 4, in no event shall a quorum consist of less than half the number of authorized directors, plus one. The act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors, unless a greater number is required by the Bylaws or these Articles.

Section 8. The Board of Directors shall adopt Bylaws to govern the affairs of this corporation and may alter, amend or repeal the same at will at any time within the limitation of these Articles.

Section 9. Nominations for members on the Board of Directors shall not be considered at any meeting of the members unless such nominations have been presented in writing, signed by the member or members proposing the same, and filed with the president and secretary of the corporation at least sixty (60) days prior to the date of the meeting at which said nominations are to be voted upon. From the nominations made, and no others, members of the Board of Directors shall be elected and nominee or nominees, as the case may be, receiving the highest number of votes shall be declared elected; and the voting shall be non-cumulative.

Section 10. The Board of Directors in its discretion may from time to time and in such manner as it may deem advisable, fix and determine the amount of dividends, if any, to be distributed to all members in accordance with applicable state law; provided, however, that dividends paid pursuant to individually filed state dividend plans based upon the underwriting performance of discrete policyholder groups need not be approved in advance by the board unless required by state law.

Section 11. The Board of Directors shall be empowered to qualify the corporation for the transaction of business anywhere in the United States of America, its territories or possession, or in foreign countries.

Section 12. The directors may hold a regular annual meeting of the board, at a date, time and place to be set by resolution of the board. The Board of Directors shall have the power to hold its meetings, either regular or special, within or without the State of Iowa, at such places as may be designated in the Bylaws or by resolution of the Board.

Section 13. Attendance of a director at a meeting shall constitute a waiver of notice of such meeting. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in the notice or waiver of such notice, unless required by the Bylaws.

Section 14. Any action required or permitted to be taken by the Board of Directors at a meeting may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all the directors. Members of the Board may participate in a meeting of such Board by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other at the same time and participation by such means shall constitute presence in person at a meeting.

Section 15. By resolution of the Board of Directors, the directors may adopt a compensation plan for the members of the Board of Directors. No payment shall preclude any director from serving the corporation in any other capacity and receiving compensation therefore.

Section 16. The Board of Directors, subject to these Articles, may make its own rules to govern the procedures, and that of its committees, including the creation and delegation of duties to committees of the Board.

Section 17. By a two-thirds (2/3) vote of the entire Board, the Board of Directors may remove any Director from office for any act or failure to act that would subject the Director to liability under Article XII of these Articles and the Board shall have the power to fill such vacancy as provided in these Articles of Incorporation.

## ARTICLE IX
## OFFICERS

The Board of Directors at its regular annual meeting in each year shall elect for a period of one year, or until successors are elected and qualified, a chairman of the board, a president, a secretary, a treasurer, and one or more vice-presidents; and shall delegate to such officers such powers and authority necessary to conduct the day-to-day business and affairs of the corporation, to the extent allowed by law and consistent with these Articles. The President may appoint officers to fill vacant or new positions subject to ratification of any such appointment by the Board of Directors at the next regular meeting of the Board, or at a special meeting of the Board called for that purpose.

## ARTICLE X
## PRIVATE PROPERTY EXEMPT

The private property of the members, directors and other officers, agents, employees and managers of this company or corporation shall in no case be liable for the corporate debts, obligations and undertakings, but shall be exempt therefrom.

## ARTICLE XI
## AMENDMENTS

These Articles of Incorporation may be amended upon the affirmative vote of a majority of the members present in person or by proxy at any annual meeting or any special meeting called for that purpose, upon proper notice. The amendment shall be binding upon all members of the corporation.

## ARTICLE XII
## DIRECTOR CONFLICTS OF INTEREST

Section 1. A conflict of interest transaction is a transaction with the corporation in which a director has a direct or indirect interest. A conflict of interest transaction is not voidable by the corporation because a director had a direct or indirect interest if any of the following is true:

A. The material facts of the transaction and the director's interest were, in accordance with the By-Laws, disclosed or known to the board of directors or a committee of the board of directors and the board of directors or the committee authorized, approved or ratified the transaction.

B. The transaction was fair to the corporation.

Section 2. For purposes of this Article, a director has an indirect interest in a transaction if the director has a material financial interest in another entity or is an officer or director of such other entity and that entity is a party to the transaction.

Section 3. A conflict of interest transaction shall only be approved if it is authorized, approved or ratified by a majority of the directors who have no direct or indirect interest in the transaction, but it may not be approved by a single director.

Section 4. For purposes of taking action under this Article, a quorum shall consist of the directors who are present and have no direct or indirect interest in the transaction.

Section 5. The presence of an inadvertent vote cast by a director with a direct or indirect interest in the transaction does not affect the validity of the action if the transaction is otherwise authorized, approved or ratified as provided under Section 1 above.

## ARTICLE XIII
## DIRECTOR INDEMNIFICATION

Section 1. The corporation shall indemnify a director or an officer for liability, as defined in section 490.850, subsection 5, Code of Iowa (2015), to any person for any action taken, or failure to take any action, as a director or officer except liability for any of the following:

A. Receipt of a financial benefit to which the director or officer is not entitled.

B. An intentional infliction of harm on the corporation or its members.

C. An intentional violation of criminal law.

D. The approval of or assent to any unlawful distribution.

Section 2. Any director entitled to indemnification under this provision shall be entitled to be indemnified to the full extent provided in Sections 490.850 through 490.859 Code of Iowa (2015).

## ARTICLE XIV
## DIRECTOR LIABILITY

Section 1. A director of the corporation shall not be liable to the corporation or its members for money damages for any action taken, or any failure to take action as a director, except liability for any of the following:

A. The amount of a financial benefit received by a director to which the director is not entitled.

B. An intentional infliction of harm on the corporation or its members.

C. An intentional violation of criminal law.

D. The approval of or assent to any unlawful distribution.

IN WITNESS WHEREOF, the undersigned caused the execution of the foregoing adopted Restated Articles of Incorporation on this 26th day of January, 2017.

GUIDEONE MUTUAL
INSURANCE COMPANY

*[signature]*
Jessica E. Clark
President

*[signature]*
Andrew L. Noga
Secretary

## CERTIFICATE

Pursuant to Chapter 491 of the Iowa Code the foregoing Amended and Restated Articles of Incorporation:

(a) Consolidate all amendments into a single document.

(b) The amendment and restatement was duly adopted and approved by the members during the annual meeting of the members, in a manner allowed by Iowa law, held on January 26, 2017 at 1111 Ashworth Road, West Des Moines, Iowa.

GUIDEONE MUTUAL
INSURANCE COMPANY

*[signature]*
Jessica E. Clark
President

*[signature]*
Andrew L. Noga
Secretary

# COMMISSIONER CERTIFICATE OF APPROVAL

Pursuant to the relevant provisions of the Iowa Code, the undersigned approves the **Restated Articles of Incorporation of GuideOne Mutual Insurance Company.**

DOUG OMMEN
Iowa Insurance Commissioner

JAMES N. ARMSTRONG
Deputy Insurance Commissioner

Date: 10/05/2017

Filed by:
GuideOne Insurance
Attn: Greg Kendrick
1111 Ashworth Rd.
West Des Moines, IA 50265

FILED
IOWA
SECRETARY OF STATE
10-5-17
10:29am
W01141809