# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| SUZANNA F. GREER; THE ESTATE OF LISA EIDSON GREER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO: 2:19-cv-00060-TMP ) |
| THE CINCINNATI INSURANCE COMPANY; GUIDEONE MUTUAL INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) ) |

## GUIDEONE MUTUAL INSURANCE COMPANY'S ANSWER AND COUNTERCLAIM

COMES NOW GuideOne Mutual Insurance Company (hereinafter "GuideOne"), and in response to Plaintiffs' Complaint, states the following:

1. Admitted.

2. Admitted.

3. Upon information and belief, admitted.

4. Denied. This Defendant demands strict proof thereof.

5. Admitted.

6. Denied to the extent that the case action summary for the referenced case shows that a "consent judgment" was entered; however, because the record in that case presently is sealed, this Defendant cannot verify the other allegations

1

raised in this paragraph and therefore denies same and demands strict proof thereof.

7. This Defendant admits that it provided insurance coverage to the North Alabama Conference of the United Methodist Church; however, this Defendant denies that such policy would have insured Terry Greer, as alleged in this paragraph.

8. This Defendant can only speak for itself and not as to what any other "insurance company defendants" did or did not do; however, this Defendant did disclaim coverage for Terry Greer as set forth herein.

9. This Defendant clarifies that "consent judgments" reportedly were entered in the 2015 lawsuit, according to the case action summary for that case, which presently is under seal. Accordingly, this Defendant is unable to verify the allegations contained in this paragraph. Further, this Defendant is without sufficient information to determine whether "Terry Greer assigned to the Plaintiffs any contractual rights he possessed for coverage from the Defendant insurance carriers… and any rights he has held against any other insurance carriers who provided coverage for his negligence." Therefore, this Defendant denies these allegations and demands strict proof thereof.

10. Denied. This Defendant demands strict proof thereof.

11. This paragraph does not require a response from this Defendant; therefore, these allegations are denied, and this Defendant demands strict proof thereof.

12. This Defendant admits that the events at issue in the 2015 lawsuit occurred in Jefferson County, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama, Northern Division.

13. Upon information and belief, admitted.

14. Upon information and belief, admitted.

15. Upon information and belief, admitted.

16. Admitted.

17. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed necessary, these allegations are denied, and this Defendant demands strict proof thereof.

18. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed necessary, these allegations are denied, and this Defendant demands strict proof thereof.

## COUNT ONE

19. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed necessary, these allegations are denied, and this Defendant demands strict proof thereof.

20. This Defendant admits that Terry Greer made a claim for coverage, but denies that the claim was to cover alleged "negligent acts." This Defendant demands strict proof thereof.

21. Denied. This Defendant demands strict proof thereof.

22. This Defendant is without sufficient information as to the truth or falsity of the allegations contained in this paragraph; therefore these allegation are denied, and this Defendant demands strict proof thereof.

23. This Defendant clarifies that, according to the case action summary in the 2015 lawsuit, "consent judgments" were entered in that lawsuit. However, because that case presently is under seal, this Defendant is without sufficient information as to the truth or falsity of the allegations contained in this paragraph; therefore these allegations are denied, and this Defendant demands strict proof thereof.

This Defendant denies that Plaintiffs are entitled to recover damages as set forth in the *ad damnum* clause following this count.

## COUNT TWO

1. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed necessary, these allegations are denied, and this Defendant demands strict proof thereof.

2. Denied. This Defendant demands strict proof thereof.

3. Denied. This Defendant demands strict proof thereof.

This Defendant denies that Plaintiffs are entitled to recover damages as set forth in the *ad damnum* clause following this count.

## COUNT THREE

1. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed necessary, these allegations are denied, and this Defendant demands strict proof thereof.

2. Denied. This Defendant demands strict proof thereof.

3. Denied. This Defendant demands strict proof thereof.

This Defendant denies that Plaintiffs are entitled to recover damages as set forth in the *ad damnum* clause following this count.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant denies each and every material allegation contained in Plaintiffs' Complaint not herein specifically admitted, and demands strict proof thereof.

### SECOND DEFENSE

This Defendant alleges that the Plaintiffs' claims are barred by the applicable statutes of limitation and/or repose.

### THIRD DEFENSE

This Defendant pleads the affirmative defense of laches.

### FOURTH DEFENSE

This Defendant pleads the doctrines of estoppel and waiver.

### FIFTH DEFENSE

This Defendant pleads accord and satisfaction.

### SIXTH DEFENSE

This Defendant has legitimate and arguable reasons for not extending coverage to Terry Greer in the 2015 lawsuit referenced in Plaintiff's Complaint.

### SEVENTH DEFENSE

This Defendant denies breaching any contract between it and Terry Greer.

## EIGHTH DEFENSE

This Defendant denies that the purported assignment of Terry Greer's claim to the Plaintiffs in this matter was effective or appropriate.

## NINTH DEFENSE

This Defendant denies that it owed a duty, contractual or otherwise, to Terry Greer.

## TENTH DEFENSE

Terry Greer is not an "insured" under any policy of insurance issued by GuideOne; therefore, Plaintiffs are not entitled to recover from this Defendant.

## ELEVENTH DEFENSE

The actions that resulted in the Plaintiffs' initial claims against Terry Greer in the 2015 lawsuit did not arise out of Terry Greer's employment with GuideOne's insured; therefore, the GuideOne policy does not provide coverage to Terry Greer for those allegations.

## TWELFTH DEFENSE

The allegations raised by the Plaintiff are not compensable under any policies of insurance issued by this Defendant because they do not trigger coverage under the policy for Terry Greer.

## THIRTEENTH DEFENSE

The claims raised in Plaintiffs' Complaint are or may be precluded by the release of Plaintiffs' claims against other entities who are not parties to this litigation.

## FOURTEENTH DEFENSE

This Defendant reserves the right to amend this Answer to add any additional defenses, whether affirmative or otherwise, as future discovery or investigation may indicate.

## COUNTERCLAIM FOR DECLARATORY RELIEF

## FACTS

1. GuideOne is a company incorporated in the State of Iowa with its principal place of business in Iowa.

2. Upon information and belief, Plaintiff Suzanna Greer is a resident of Mobile, Alabama, and Plaintiff The Estate of Lisa Eidson Greer was probated in Jefferson County, Alabama.

3. The present case arises out of an incident that occurred on January 10, 2013 when Terry Greer shot and killed his wife, Lisa Greer, and shot and injured his daughter, Suzanna Greer, in the parsonage that belonged to Gardendale-Mount Vernon Methodist Church in Gardendale, Alabama, where Terry Greer served as the pastor. Prior to the incident made the basis of this Complaint, GuideOne issued

a policy of insurance to the North Alabama Conference of the United Methodist Church. (*See* Certified Policy, attached hereto as Exhibit A). Terry Greer, who was a minister of the North Alabama Conference of the United Methodist Church, serving at Gardendale-Mount Vernon Methodist Church at the time of the incident, was not named a named insured on the Policy. (*See* Exhibit A, at Declarations). As explained *infra*, although a minister is considered an "insured" under the Policy, he is only so considered for acts that are within the scope of his employment or while performing duties related to the conduct of the church's business.

4. This Counterclaim is filed pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201, *et seq*.

## **GUIDEONE'S POLICY PROVISIONS**

5. GuideOne's Policy provides, *inter alia*, the following[1]:

**COMMERCIAL GENERAL LIABILITY
COVERAGE FORM**

**FAITHGUARD
PCG 25 10 04 09**

**\*\*\*\*\***

Throughout this policy the words "you" and "your" refer strictly to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

**\*\*\*\*\***

---

[1] Portions of the Policy have been omitted for brevity; omitted portions are denoted by asterisks (\*\*\*).

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defendant the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply.

*****

**2. Exclusions**

This insurance does not apply to:

    **a.**    **Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

*****

**SECTION II – WHO IS AN INSURED**

**1.**    If you are designated in the Declarations as:

*****

    **d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insured, but only with respect to their duties as your officers or directors. Your stockholders are also insured, but only with respect to their liability as stockholders.

*****

**2.**    Each of the following is also an insured:

    **a.**    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership,

      joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

*****

**4.**      The following persons or organizations are also insured:

      **a.**      Any of your members, but only with t respect to their liability for your activities or activities they perform on your behalf, at your direction and within the scope of their duties.

      **b.**      Any trustee or official; member of any board, council, deaconry, or vestry; "minister", *** but only with respect to their duties as such.

*****

**SECTION V – DEFINITIONS**

*****

**14.**      "Minister" means a person:

      **a.**      Employed by;

      **b.**      Duly assigned to; or

      **c.**      Duly appointed by

      you to attend to the spiritual needs of the congregation.

*****

(Exhibit A).

## **GUIDEONE'S CONTENTIONS AND PRAYER FOR DECLARATORY JUDGMENT**

6.      GuideOne avers that Terry Greer, whom the Plaintiffs claim is insured under the GuideOne Policy issued to the North Alabama Conference of the United Methodist Church, is not entitled to coverage under the Policy. GuideOne further avers that Terry Greer is not an "insured" as defined under the Policy, as any

actions taken by him – to wit, shooting and killing his wife and shooting and injuring his daughter – were not done within the scope of his employment as a minister or while he was performing duties related to the conduct of the insured's business. (*See* Exhibit A, at Section II, 2.a., 4.b; Section V, 14.). Other provisions in the Policy may restrict or preclude coverage for Plaintiffs' claims as well.

7. GuideOne avers that a justiciable controversy exists between the parties as to the rights, duties, obligations, responsibilities and liability in the interest of the parties to the Policy referenced herein. GuideOne therefore requests this Honorable Court to take jurisdiction of this case and render a judgment in favor of GuideOne, declaring the following:

    a. That Plaintiffs are not entitled to any benefit or proceeds of the above-referenced Policy issued by GuideOne; and

    b. That Plaintiffs' claims are not covered under the Policy because Terry Greer, whom they assert assigned to Plaintiffs his rights under the Policy, is not an "insured" under the Policy, as defined therein.

8. GuideOne reserves the right to amend this Counterclaim for Declaratory Judgment as necessary and appropriate.

WHEREFORE, PREMISES CONSIDERED, GuideOne requests this Honorable Court to enter an Order granting the declaratory relief it seeks, and such other, further and different relief to which it may be entitled.

Respectfully submitted,


/s/ Julie D. Pearce
Julie D. Pearce (asb-9946-c35j)
Attorney for Defendant
GuideOne Mutual Insurance Company

OF COUNSEL:

GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
Telephone:  205-980-5888
Facsimile:  205-980-1098
jpearce@ggh-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 28th day of January, 2019.

James S. Roberts, Jr.
The Jim Robert Law Firm, LLC
1123 Main Street
Gardendale, Alabama 35071

Tom Burgess
J. Kerry Burgess
BURGESS ROBERTS LLC
2017 Morris Avenue, Suite 100
Birmingham, Alabama 35203

                                        /s/ Julie D. Pearce
                                        OF COUNSEL